IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:12-CV-475-TMH |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Gregory Amos ["Amos"], an individual presently confined in the Houston County Jail. In this complaint, Amos challenges the constitutionality of actions taken against him by the Circuit Court of Houston County, Alabama relative to his liability for payment of child support. Amos requests that this court take "action against the [state] courts at hand...." *Complaint - Doc. No. 1* at 2.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Amos leave to proceed *in forma pauperis*. *Doc. No. 5*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The State of Alabama

Amos names the State of Alabama as the sole defendant.  The law is well-settled that the State of Alabama is absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").  Any claims lodged against the State of Alabama are therefore frivolous as such claims are "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]  Consequently, the claims against the State of Alabama are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Claims For Relief

Amos argues that the state courts have violated his constitutional rights with respect to actions related to his incarceration for failure to pay child support.  Specifically, Amos maintains he has been denied a hearing within 72 hours of his arrest and complains he has not yet been granted a trial on the charges related to his non-payment of child support.  Amos also argues he is entitled to a paternity test to prove whether the child for whom he owes support "is mine or another man."  *Attachment to Complaint - Doc. No. 1-2* at 2.

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Amos seeks relief with respect to a pending state civil action in which a decision is not yet final. Under the circumstances of this case, he is not entitled to relief from this court on his claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Amos can challenge the inaction by the Circuit Court of Houston County by filing an appropriate motion in the trial court and, if he receives no relief, a petition for writ of mandamus with the Alabama Court of Civil Appeals. Moreover, upon issuance of an order or action taken by the trial court in the child support proceeding, Amos may appeal the order or action to the state civil appellate court. Since state law provides an adequate remedy for Amos to challenge the lack of action and/or subsequent actions by the trial court, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, those claims presented in the complaint arising from either lack of action or a potential adverse action by the Circuit Court of Houston County are subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

With respect to Amos' request for an order from this court requiring the state court to take immediate action in his child support case, this court lacks jurisdiction to render such judgment as an action filed pursuant to 42 U.S.C. § 1983 is inappropriate to compel

a particular course of action by a state court.  *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous action of state court is merely a prohibited appeal of the state court action); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).  The court further finds it should refrain from undertaking any action that would interfere with the pending state proceedings in which Amos challenges the constitutionality of child support arrearage because he has an adequate remedy at law before the state courts and will not suffer irreparable injury if denied equitable relief.  *Cf. Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

Finally, to the extent the complaint can be construed to contain a petition for writ of mandamus compelling action by a state court in a pending child support matter, Amos is likewise entitled to no relief.  The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists."  *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998).  "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction."  *Id.*  While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or

one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and/or state officials in the performance of their duties where mandamus is the relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, this court has no mandamus jurisdiction over the Circuit Court of Houston County, Alabama or its judges and, hence, lacks authority to compel by mandamus the action sought by Amos.

In light of the foregoing, the court concludes Amos' requests for relief which seek interference by this court with a pending state civil action are due be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before July 24, 2012 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general

objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc)*, adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of July, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE